UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S1-4:10CR00586AGF |
| | ) | |
| CHRISTOPHER SCOTT WALTERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant Christopher Scott Walters' pretrial motions, following the filing of a Superseding Indictment. The case is set for trial on November 14, 2011. All pretrial motions were referred to United States Magistrate Judge Terry I. Adelman under 28 U.S.C. § 636(b). Defendant filed a motion for bill of particulars (Doc. #50), request for discovery and the production of favorable evidence (Doc. #51), motion for disclosure of various grand jury materials (Doc. #52), motion to suppress statements and other physical evidence (Doc. #53), and motion to dismiss the Superseding Indictment for insufficiency and failure to state an offense (Doc. #54). Judge Adelman held a hearing on August 19, 2011. No evidence was presented, and Defendant elected to argue only his motions to dismiss. Defendant also argued that he should be entitled to take the depositions of non-parties, in part to obtain documents from non-parties, and Judge Adelman granted Defendant leave to file, after the hearing, a timely motion to take depositions (Doc. #61), to which the United States responded.

Judge Adelman thereafter issued a Memorandum, Order and Recommendation (Doc. #64), in which he recommended that Defendant's motion to dismiss be denied,[1] denied Defendant's motion for bill of particulars, denied Defendant's motion for issuance of deposition subpoenas, and granted in part and denied in part Defendant's motion for discovery of favorable evidence and motion for production and inspection of grand jury materials. Defendant has filed generalized objections to the recommendation regarding the motion to dismiss, essentially incorporating his motion and memorandum. He has also objected to the various rulings on the discovery-related motions and motion for bill of particulars, again essentially incorporating his prior motions, and asks the Court to overrule the rulings on these motions.

When a party objects to a Report and Recommendation concerning a dispositive matter, the Court is required to "'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). When a party objects to orders on nondispositive matters, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Rule 59(a), F. R. Cr. P.*

The Court conducted a *de novo* review of the motions to dismiss, including listening to the arguments made at the hearing. Based on that review, the undersigned

---

[1] At the hearing, Defendant stated that his motion to suppress could be denied as moot, based on Defendant's representations that no evidence was seized from the Defendant, and no statements were taken from him; Defendant did not file any objections to Judge Adelman's recommendation that the motion be dismissed as moot.

concludes that the Magistrate Judge correctly analyzed the issues, and the Court therefore adopts his Recommendations and will overrule Defendant's objections regarding the motions to dismiss. The Court finds that the indictment contains all of the essential elements of the offenses charged, and states the charges in sufficient detail. The indictment also sufficiently alleges the elements of a scheme to defraud Reliance Bank and Citibank, and to obtain by funds under the custody and control of Reliance Bank by means of materially false pretenses, representations and promises, to survive a motion to dismiss. As Judge Adelman noted, "[i]t will be the Government's burden to prove at trial that the signatures of Citibank were forged on the checks, and that Reliance Bank and Citibank were defrauded."

Defendant also asserts that the Superseding Indictment is multiplicitous, as the alleged forged checks and bank fraud "allege only one scheme to defraud a bank." Defendant contends that count two, which alleges bank fraud with regard to the second check, and counts three and four, which charge uttering forged instruments with regard to the two allegedly forged checks, are multiplicitous and must be dismissed. The Court agrees with Judge Adelman's analysis, that each execution of the bank fraud scheme, and each uttering of a forged instrument may be charged separately. *See United States v. Rimell*, 21 F.3d 281, 287 (8th Cir. 1994) (holding that separate counts for each separate act of bank fraud held not to be multiplicitous); *see also United States v. Abboud*, 438 F.3d 554, 567 (6th Cir. 2006) (finding indictment not multiplicitous because each check in check kiting scheme constitutes a separate execution of bank fraud scheme); *United States v. Hergert*, Slip Opin., No. 4:09CR3019, 2010 WL 5644670, at *15 (D. Neb. Dec.

3

30, 2010) (recognizing that "[w]here bank fraud is alleged, each separate execution of a scheme to commit bank []fraud may be alleged as a distinct count in the indictment"). Further, Judge Adelman also correctly notes that the test with regard to claims of multiplicity is whether each statute requires proof of a fact that the other does not, *see Blockberger v. United States*, 284 U.S. 299, 304 (1932), and that this test is met notwithstanding substantial evidentiary overlap between the offenses, *see United States v. Felix*, 503 U.S. 378, 386 (1992). Here, the United States has proffered that different elements and facts exist between the bank fraud and uttering counts. *See United States v. Bowling*, No. 11-4015, 2011 WL 3288333, at *1 (4th Cir. August 2, 2011) (finding that charges of aggravated identity theft and possession of false identification documents were not multiplicitous). If multiplicity becomes apparent at trial, the Court may address the matter at that time, through such remedies as election, use of alternative theories or consolidation, if appropriate. *See United States v. Platter*, 514 F.3d 782, 786-87 (8th Cir. 2008) (affirming trial court's order requiring United States to consolidate but not elect between felon-in-possession and drug user-in-possession charges to avoid multiplicity).

In his "general objection," Defendant also again contends that his civil rights are violated because "this case is -- if anything -- a civil dispute that has been elevated to a criminal case in order to collect money on behalf of a private company." Defendant cites no case law in support of this legal argument, and as this Court stated in its Order adopting the earlier Report and Recommendation, the same conduct may give rise to both civil and criminal charges. Here, the Superseding Indictment sufficiently alleges facts and law to assert criminal charges. Whether the government can prove its case beyond a

reasonable doubt will be determined at trial, and Defendant has not shown that the government should not be allowed to attempt to make its case before a jury.

Finally, Defendant has not shown that the Magistrate Judge's Orders denying the (i) motion for bill of particulars and (ii) motion for issuance of deposition subpoenas, and denying, in part, (iii) the motion for discovery and inspection and for production of favorable evidence and (iv) motion for production of grand jury transcripts and other materials, are either contrary to law or clearly erroneous. The Court agrees with the Magistrate Judge that Defendant is not entitled to a bill of particulars, as the Indictment is sufficient without further particulars. The Magistrate Judge's Order also properly reflects and requires the discovery and disclosures to which Defendant is entitled, and the Court agrees that Defendant has not made the showing necessary to justify the granting of depositions. The Court also agrees that Defendant has not made a proper showing for the disclosure of grand jury proceedings, except with regard to an inspection of the jury selection plan for the Eastern District of Missouri, and the Court will not overturn the Magistrate Judge's ruling on this point.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum, Order and Recommendation of United States Magistrate Judge [Doc. #64] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Superseding Indictment for Insufficiency and Failure to State an Offense [Doc. #54] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements and Other Physical Evidence [Doc. #53] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's objections to the Magistrate Judge's Orders denying Defendant's Motion for a Bill of Particulars [Doc. #50] and Motion for Issuance of Deposition Subpoenas [Doc. #61], are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's objections to the Magistrate Judge's Orders denying in part and granting in part Defendant's Request for discovery and Inspection and for Production of Favorable Evidence [Doc. #51] and Motion for Production and Inspection of Grand Jury Transcripts, Recordings, Minutes and Reports [Doc. #52] are **OVERRULED**.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2011.